**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SONALI MEHTA-SHREVE<br><br>Plaintiff(s),<br><br>v.<br><br>THE TJX COMPANIES, INC.; JEREMY JACOBS<br><br>Defendant(s). | Case No. 2:19-cv-01086-RFB-DJA<br><br>**ORDER** |

### I. INTRODUCTION

Before the Court Plaintiff Sonali Mehta-Shreve's ("Mehta-Shreve") Motion to Remand. ECF No. 25. For the following reasons, the Court grants the motion and remands the case.

### II. PROCEDURAL BACKGROUND

Plaintiff filed her complaint against Defendants in the Eighth Judicial District Court in Clark County, Nevada on June 4, 2019. ECF No. 1-2. Defendant TJX Companies, Inc removed the case to federal court on June 24, 2019. ECF No. 1. Defendant Jacobs filed the instant motion to dismiss on July 22, 2019. ECF No. 6. A response and reply were filed. ECF Nos. 17, 19. Plaintiff filed a motion to remand on October 11, 2019. ECF No. 25. A response was filed. ECF No. 26.

### III. LEGAL STANDARD

The Court "strictly construe[s] the removal statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is "any doubt as to the right of removal in the first instance." Id., at 566 (internal quotes and citations omitted). "Diversity jurisdiction is established statutorily: '[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [diverse parties.]" 28 U.S.C. § 1332(a).

However, section 1332 is "to be strictly construed," and any doubts about whether the Court has diversity jurisdiction should be resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983); see Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) ("Removal and subject matter jurisdiction statutes are strictly construed."). Additionally, the Court must remand a case if at "any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447.

When evaluating diversity jurisdiction, the Court makes its determination based on the "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Additionally, "[i]n consideration of "[t]he 'strong presumption' against removal jurisdiction…the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566. Further, "[i]f it is *unclear* what amount of damages the plaintiff has sought then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus, 980 F.2d at 566-67 (emphasis in the original) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

**IV. DISCUSSION**

Plaintiff argues that the case should be remanded to state court for lack of complete diversity between the parties. Plaintiff states that Jacobs is a resident of Nevada. Jacobs argues in opposition that the motion to remand is untimely filed and that because diversity of citizenship is determined on the date of removal and that Defendant's counsel was not sure whether Jacobs was a Nevada resident on that date, removal was proper.

The removal statute provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447. Plaintiff's motion to remand is based on a claim that there is not complete diversity in this case, which is a challenge to the Court's subject matter jurisdiction. Accordingly, the motion to remand is timely filed.

Courts are required to determine and assess all challenges to subject matter jurisdiction

premised on diversity of citizenship based on the facts that existed at the time of the filing. <u>Grupo Dataflux v. Atlas Global Grp., L.P.</u>, 541 U.S. 567, 571 (2004). Jacobs admits in his answer that at all times relevant he was a resident of Clark, County Nevada. Defendants, who bear the burden of demonstrating that removal was proper, offer no argument or evidence that Jacobs was not a Nevada resident at the time the action was removed to federal court. The Court therefore finds that there is not perfect diversity and will remand the case to state court.

**V.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 25) is GRANTED. The case is remanded to the Eighth Judicial District Court of Nevada, Case Number A-19-795992-C.

**IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to close this case.

DATED April 10, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**